FILED
2017 Sep-20  PM 01:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LA TOYA COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| BIRA ASSOCIATES, LLC, and | ) | |
| SJP INVESTMENT PARTNERS, LLC, | ) | |
| | ) | |
| Defendants. | | |

---

## **COMPLAINT**

## I. **JURISDICTION**

1. This is a suit for relief from gender discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.* The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff La Toya Collins ("Plaintiff") timely filed a discrimination charge defendant BIRA Associates, LLC (BIRA") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Upon purchase of the Hotel Highland, the business entity involved in this ligation, by defendant SJP Investment Partners LLC ("SJP"), Plaintiff filed an amendment to her charge naming SJP as successor-in-interest to BIRA and additional respondent employer. The EEOC separated Plaintiff's amendment into a separate charge.

Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letters issued from the EEOC on both charges.

## II.  PARTIES

3.  Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4.  Defendant BIRA is a limited liability corporation headquartered in Birmingham, Alabama and is and was at all times relevant to this complaint an employer as contemplated under Title VII.

5.  Defendant SJP is a corporation headquartered in Atlanta, Georgia and is and was at all times relevant to this complaint an employer as contemplated under Title VII.  BIRA and SJP are collectively referred to herein as "Defendants."

## III.  STATEMENT OF FACTS

6.  Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-5 above.

7.  Plaintiff is female.

8.  In June of 2016, BIRA operated the Hotel Highland in Birmingham, Alabama ("the Hotel").

9.  On or about June 10, 2016, Plaintiff became employed by BIRA as a room attendant at the Hotel.

10. Plaintiff was hired by Mary Carr, head of housekeeping at the Hotel.

11. After becoming employed by Defendant, Plaintiff learned that she was pregnant.

12. On or about June 30, 2016, Carr asked Plaintiff at the beginning of her shift if she was pregnant.

13. Plaintiff told Carr that she was.

14. At the end of Plaintiff's shift that day, Carr told Plaintiff that she was terminating her.

15. Carr said that the job was too strenuous for someone pregnant and that she was terminating Plaintiff because of her pregnancy.

16. Plaintiff had not been given any work restrictions by her doctor.

17. Plaintiff was able to safely perform her job duties and had satisfactorily been performing those duties.

18. In or about October of 2016, SJP Purchased the Hotel.

19. SJP continued to operate the Hotel at the same location.

20. SJP continued to operate the Hotel under the same name and with the same fixtures, equipment, furnishings, and materials.

21. SJP continued to operate the Hotel with substantially the same labor force.

3

## IV.  CAUSES OF ACTION

### COUNT I

### TITLE VII

22.   Paragraphs 1-21 above are incorporated by reference.

23.  BIRA terminated Plaintiff because of her pregnancy.

24.  As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

25.  SJP is jointly liable to Plaintiff with BIRA as its successor-in-interest.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that BIRA's act as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendants to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of violation of Plaintiff's rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, and ordering Defendants to pay compensatory and punitive damages as a jury may assess;

4

(iii)   That the Court grant Plaintiff a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants, from continuing to violate Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

Defendants' Addresses:
BIRA Associates, LLC
c/o Michael A. Fritz, Sr., Registered Agent
25 South Court St, Suite 200
Montgomery, AL 36104-3506

SJP Investment Partners LLC
c/o H.D. Panter, Registered Agent
1023 20th St. South
Birmingham, AL 35205