FILED
2017 Nov-07 AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LA TOYA COLLINS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] 2:17-cv-01610-UJB-KOB |
| | ] |
| BIRA ASSOCIATES, et al. | ] |
| | ] |
| Defendants. | ] |

**MEMORANDUM OPINION AND ORDER**

Plaintiff La Toya Collins filed suit against BIRA Associates, LLC, and SJP Investment Partners, LLC, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that they are liable for sex discrimination. (Doc. 1). This matter is before the court on SJP Investment Partners' motion to dismiss the complaint. (Doc. 6). The court DENIES the motion to dismiss.

**I. BACKGROUND**

The complaint alleges that in June 2016, BIRA operated the Highland Hotel in Birmingham, Alabama. (Doc. 1 at 2). At that time, Ms. Collins worked as a room attendant at the hotel. (*Id.*). On June 30, 2016, the hotel's head of housekeeping fired Ms. Collins, allegedly because she learned that Ms. Collins was pregnant. (*Id.* at 2). Several months later, in or around October 2016, SJP Investment Partners purchased the hotel, which it continued to operate under the same name and with the same fixtures, equipment, furnishings, and materials, and with most of the same labor force. (*Id.*). Ms. Collins' complaint asserts that BIRA violated Title VII by firing her because of her pregnancy, and that SJP Investment Partners is liable as a successor-in-interest to BIRA. (*Id.* at 4).

SJP Investment Partners moved to dismiss the complaint, contending that it is not a successor-in-interest to BIRA because it purchased only the real estate on which the hotel sits. (Doc. 6 at 1–2). It asserts that it changed the name of the hotel to the INDIGO Hotel and is currently remodeling it. (*Id.* at 1). It attaches to its motion a copy of the receiver's deed to the real estate, which provides that on September 19, 2016, SJP Investment Partners purchased the real estate and the building, as well as the building's contents. (Doc. 6-1).

## II. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) attacks the legal sufficiency of the complaint. "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, the court must accept as true the allegations in the complaint and construe them in the light most favorable to the plaintiff. *Id.* But, the court may take judicial notice of public records. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) ("[T]he district court was authorized at the motion to dismiss stage to take judicial notice of relevant public documents . . . .").

Ms. Collins contends that SJP Investment Partners should not be dismissed because the complaint pleads that it is a successor-in-interest to BIRA, which operated the hotel at the time she was fired for becoming pregnant. (Doc. 8 at 7–11). The Eleventh Circuit has held that successor-in-interest liability applies in Title VII cases. *In re Nat'l Airlines, Inc.*, 700 F.2d 695, 698 (11th Cir. 1983) ("[T]he . . . analysis employed by the Supreme Court in labor law successor cases is the proper method for determining whether a successor employer should be bound by the Title VII transgressions charged against its predecessor."). The Eleventh Circuit explained that

in a Title VII case involving successor-in-interest liability, the court must consider "the interests of the employees and the employer and labor law generally" and "the extent to which the successor corporation essentially continues the operations of the former corporation and whether the new corporation had notice of the former corporation's practices and policies," always keeping in mind that "the test for successor liability is fact specific and must be conducted 'in light of the facts of each case and the particular legal obligation which is at issue.'" *Id.* (quoting *Golden State Bottling Co. v. NLRB*, 417 U.S. 168, 262 n.9 (1973)).

Ms. Collins has alleged facts that could support a finding that SJP Investment Partners is a successor-in-interest to BIRA. She alleges that SJP Investment Partners purchased the hotel and has continued to operate it under the same name and with the same fixtures, equipment, furnishings, and materials, and with most of the same labor force. (Doc. 1 at 3). Although SJP Investment Partners asserts that it changed the name of the hotel and is remodeling it, the court must accept as true the allegations in Ms. Collins' complaint, which are that SJP Investment Partners continues to operate the hotel as BIRA did. *See Butler*, 685 F.3d at 1265. And the receiver's deed, which the court can consider because it is a public record, shows that SJP Investment Partners purchased the hotel, but it does not disprove that SJP Investment Partners is a successor-in-interest to BIRA.

For those reasons, the court DENIES SJP Investment Partners' motion to dismiss the complaint. (Doc.6).

**DONE** and **ORDERED** this 7th day of November, 2017.

*/s/ Karon O. Bowdre*
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE